```
                                        FILED
                                  U.S. DISTRICT COURT
                                  DISTRICT OF WYOMING

                                  2019 MAY -6  PM 4:02

                                  STEPHAN HARRIS, CLERK
                                          CASPER
```

# UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>AUSTIN JAMES KELLY,<br><br>　　　　　Defendant. | **CRIMINAL COMPLAINT**<br><br>Case Number: 19-mj-35-SWS |

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief.

On or about February 27, 2019, in the District of Wyoming, the Defendant, **AUSTIN JAMES KELLY** knowingly possessed a stolen firearm, namely, a Remington Model RP9, 9mm, bearing serial number RP011729H, which had been shipped or transported in interstate or foreign commerce, either before or after it was stolen, knowing and having reasonable cause to believe the firearm was stolen.

In violation of 18 U.S.C. §§ 922(j) and 924(a)(2).

I further state that I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms & Explosives and that this complaint is based on the following facts:

*(See attached Sworn Statement)*

Continued on the attached sheet and made a part hereof.

　　　　　　　　　　　　　　　　　　　　　　　/s/ Jay J——
　　　　　　　　　　　　　　　　　　　　　　　Signature of Complainant
　　　　　　　　　　　　　　　　　　　　　　　JAY JOHNSON

Sworn to before me and subscribed in my presence,

May 6, 2019　　　　　　　　　　　　　　at　　Lander, Wyoming
Date　　　　　　　　　　　　　　　　　　　　　City and State

HON. TERESA MCKEE　　　　　　　　　　　　/s/ Teresa M McKee
United States Magistrate Judge
Name & Title of Judicial Officer　　　　　　　　Signature of Judicial Officer

## AFFIDAVIT OF JAY S. JOHNSON

1. Your Affiant, Jay S. Johnson, is a federal law enforcement officer and a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), United States Department of Justice. Your Affiant is currently assigned to the District of Wyoming and has been employed by ATF since March 12, 2000. Prior to that, your Affiant was employed as a Special Agent by the United States Air Force Office of Special Investigations, for eight years.

2. This affidavit is based upon information your Affiant has gained through training and experience, as well as upon information related to your Affiant by other individuals, including law enforcement officers. The information contained in this affidavit is submitted for the limited purpose of establishing probable cause for the requested criminal complaint and arrest warrant and does not contain all of the information known to the Affiant about this case. Your Affiant is aware that, pursuant to Title 18 U.S.C. § 922(j), it is unlawful for any person to receive, possess, conceal, store, barter, sell, or dispose of any stolen firearm or stolen ammunition, which is moving as, which is a part of, which constitutes, or which has been shipped or transported in, interstate or foreign commerce, either before or after it was stolen, knowing or having reasonable cause to believe that the firearm or ammunition was stolen. Your Affiant has reason to believe that on February 27, 2019, Austin James Kelly knowingly possessed a stolen firearm in Park County, Wyoming.

3. On February 27, 2019, at approximately 6:19 a.m., Wyoming Highway Patrol Trooper Richard Scovel was dispatched to assist a motorist who had been driving a U-Haul truck that was off the roadway and stuck in snow near milepost 121 on Highway 120 north of Cody, Wyoming. At approximately 6:54 a.m., Trooper Scovel saw a U-Haul that appeared to have just been driven out of the snow and back onto the roadway because it was not traveling fast. Trooper Scovel saw the area in

1

which the U-Haul had been stuck and thought the vehicle might have damage due to the amount of snow in which it had been stuck. Trooper Scovel wanted to verify there was not over $1000.00 damage to the vehicle that would require a crash report under Wyoming State law. Trooper Scovel activated his lights and stopped the U-Haul truck.

4. Trooper Scovel made contact with the sole occupant of the U-Haul, a male driver, and learned the U-Haul had been stuck in the snow but the driver dug it out by himself. The driver opened the driver's side door of the U-Haul when speaking with Trooper Scovel. Trooper Scovel noted damage to the U-Haul truck hood and grill and asked if the damage was recent. The driver told him it was not, whereupon Trooper Scovel asked for the rental agreement he saw behind the driver's seat. The rental agreement did not show damage to the U-Haul's hood or grill at the time it was rented. While speaking with the driver, Trooper Scovel smelled burnt marijuana. Trooper Scovel asked for a driver license. The driver admitted that he did not have a driver license and could only produce an ID card, which identified him as Austin James Kelly. Trooper Scovel asked if there was marijuana in the vehicle and Kelly said "a little bit". Kelly admitted that he took a hit of marijuana when he was getting the U-Haul unstuck from the snow. Trooper Scovel asked where the marijuana was, and Kelly handed him a joint that was in the open console above the cup holders. Kelly said that was all the marijuana in the vehicle. Trooper Scovel asked Kelly to get out of the U-Haul and come back to his patrol vehicle. Trooper Scovel let Kelly know that he (Scovel) was going to pat him (Kelly) down for weapons, since Trooper Scovel was going to put Kelly in Scovel's patrol vehicle. Kelly said he had brass knuckles in his back pocket. Trooper Scovel removed the brass knuckles then continued his pat down and found a prescription pill bottle with pills and a coin purse in Kelly's left front jacket pocket. Kelly identified the pills as Lorazepam. He admitted the pills were not prescribed to him and said he bought the pills. Trooper Scovel found another pill bottle in Kelly's jacket, which contained jewelry. Kelly said the

jewelry belonged to his mother. Trooper Scovel allowed Kelly to smoke a cigarette while he contacted dispatch. Trooper Scovel learned through dispatch that Kelly's Arizona driver license was suspended and the U-Haul was reported stolen.

5. Trooper Scovel arrested Kelly for marijuana possession, suspended driver license and possession of stolen property.

6. Trooper Scovel gathered Kelly's wallet and change purse to give them to another deputy who was transporting Kelly to the detention center so the items could be placed with Kelly's personal property. Trooper Scovel opened the black change purse he had taken from Kelly's left front jacket pocket and noticed plastic baggies containing clear and white crystals, that later tested presumptively positive for methamphetamine. Meanwhile, Deputy Palmer found a Montana driver license in Kelly's wallet that belonged to Shaune E. O'Brien.

7. Trooper Scovel obtained a search warrant and searched the U-Haul later that day. The U-Haul contained clothing, jewelry and tools that officers suspected were stolen, because they still had tags on them. Officers located credit cards and other cards that were later confirmed as having been stolen from Larry Mose in Phoenix, Arizona. In a charcoal-colored backpack in the U-Haul's front passenger compartment was a Remington RP9, 9mm handgun with serial number RP011729H. An ATF trace of the Remington RP9, 9mm handgun, disclosed that Shaune Elliott O'Brien, the owner of the Montana driver license found in Kelly's wallet, purchased the gun on November 16, 2017 at Quality Guns in Great Falls, Montana.

8. On April 24, 2019, your Affiant telephonically interviewed Katie Lynne [Barnes] O'Brien who resides at 2102 Lincoln Street in Anaconda, Montana. O'Brien said she had met Kelly on February 24, 2019, at a truck stop on I-90 in Montana during a snowstorm. Kelly told her that he was sleeping in his U-Haul and, since they were both traveling the same direction, O'Brien offered to let

Kelly stay with her at her house. Kelly stayed with O'Brien for several days, until February 26, 2019, and on one occasion was in O'Brien's home alone while O'Brien was at work. O'Brien did not realize any of her personal property was missing until she received a phone call a couple of days later from Wyoming DCI Special Agent Juliet Fish, who questioned her about Kelly. SA Fish told O'Brien that law enforcement had recovered a gun from Kelly that was registered to Shaune O'Brien as well as Shaune O'Brien's driver license. O'Brien identified Shaune O'Brien as her late husband, who had passed away in November of 2018. O'Brien identified a photograph of Kelly as the man who had stayed with her at her home. O'Brien discovered that her deceased husband's driver license and money were missing from his wallet that O'Brien kept in her nightstand. She believed a one hundred dollar bill and possibly a fifty-dollar bill were missing. O'Brien confirmed that her late husband had a prescription for Lorazepam that she had not disposed of. O'Brien confirmed that she was missing a Remington 9mm handgun. She sent law enforcement a photograph of the Remington RP9 firearm original packaging, to include the model (RP9) and the serial number of RP011729H. O'Brien also identified three necklaces and two rings that were found in the U-Haul that Kelly had been driving as belonging to her. One of the rings was a Texas A & M alumni inscribed with "Katie L. Johnson" (an A.K.A. for O'Brien) inside the ring.

9. Law enforcement officers spoke to Kelly after receiving permission from his attorney to speak with Kelly and after informing him of his Constitutional rights pursuant to *Miranda*. In relevant part, Kelly said he met Katie Barnes (A.K.A. Katie O'Brien) at a rest stop between Missoula and Anaconda. Barnes asked Kelly to stay at her house in Anaconda because of the weather, two days before he was arrested in Wyoming. Kelly did not have an explanation as to how Barnes' late husband, Shaune O'Brien's driver license came to be in his wallet. Kelly said that he bought the gun in the U-

Haul from a girl. Kelly said he would be surprised to learn that the gun found in the U-Haul was registered to Shaune O'Brien, Katie Barnes' deceased husband.

10. Your Affiant examined the firearm seized from Kelly and determined the Remington Model RP9, 9mm handgun, serial number RP011729H, was manufactured in Alabama and therefore traveled or was shipped in interstate commerce prior to arriving in Wyoming.

11. Based upon the foregoing, your Affiant believes Austin Kelly has committed a violation of Title 18 U.S.C. § 922(j) namely, knowing possession of a stolen firearm. Accordingly, your Affiant requests that a criminal complaint and arrest warrant be issued for Austin Kelly. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

**END OF AFFIDAVIT**

## PENALTY SUMMARY

| | |
|---|---|
| **DEFENDANT NAME:** | AUSTIN JAMES KELLY |
| **DATE:** | May 6, 2019 |
| **INTERPRETER NEEDED:** | No |
| **VICTIM(S):** | Yes |
| **OFFENSE/PENALTIES:** | **18 U.S.C. §§ 922(j)**<br>(Possession of Stolen Firearm)<br><br>0-10 Years Imprisonment<br>Up To $250,000 Fine<br>3 Years Supervised Release<br>$100 Special Assessment |
| **AGENT:** | Jay Johnson, ATF |
| **AUSA:** | Kerry J. Jacobson, Assistant United States Attorney |
| **ESTIMATED TIME OF TRIAL:** | 1 to 5 days |
| **WILL THE GOVERNMENT SEEK DETENTION IN THIS CASE:** | Yes |
| **ARE THERE DETAINERS FROM OTHER JURISDICTIONS:** | No |